FISHBACK, ADMR., APPELLANT, *v.* FISHBACK ET AL., APPELLEES.

[Cite as Fishback v. Fishback (1969), 22 Ohio App. 2d 79.]

(No. 373—Decided December 8, 1969.)

*Mr. Chris Erhardt,* for appellant.
*Mr. Edward B. Osborne,* for appellees.

HESS, J. This is an appeal from a judgment entered in favor of the defendants, appellees herein, in the Court of Common Pleas of Clermont County on an instrument (note) signed by them.

The following facts are not in dispute: Rose Fishback died on September 22, 1960. Thereafter, her estate was administered in the Clermont County Probate Court. Initially her husband, George A. Fishback, was appointed administrator of her estate.

George A. Fishback died on February 17, 1961, and Forrest Ely was appointed administrator *de bonis non*

of the estate of Rose Fishback and Elmer D. Fishback was appointed administrator of the estate of George A. Fishback by the Probate Court of Clermont County.

In the ordinary course of administration, both estates were concluded without any reference in either estate to the note which is the subject of this action.

Subsequently, certain paper writing and chattels of Rose and George Fishback came into possession of Elmer Fishback, administrator, among which was the note referred to herein.

The note in question was signed by John and Frances Fishback on January 1, 1959, and made payable to George and Rose Fishback in the sum of $32,960.00, with interest. John Fishback denied owing the alleged note obligation; whereupon Elmer Fishback filed applications to reopen the estates of George A. and Rose Fishback, parents of John and Elmer Fishback. The applications were granted, and Elmer Fishback became the administrator of the estates of Rose and George Fishback.

On January 27, 1969, the administrator of each of the estates filed a petition seeking judgment against John and Frances Fishback. Answers were filed denying the alleged obligation and the matter was tried in the Court of Common Pleas without a jury.

After hearing all the evidence, the trial court rendered its opinion in favor of the defendants. Thereafter, pursuant to motion of the plaintiff, the trial court filed a separate finding of facts and conclusion of law, and judgment was entered in favor of the defendants.

In his appeal, the administrator presents three assignments of error:

"(1) The court erred in considering and relying upon testimony of Fred Romohr in reaching its decision when such testimony was in the record as a proffer only;

"(2) The court erred in permitting hearsay testimony of a witness, Forrest Ely as to conversations had by him with George Fishback;

"(3) The judgment of the court is contrary to the weight of the evidence."

The assignments of error will be considered in the order of their listing.

In relation to the first assignment of error, the record discloses that counsel for the defendants called Fred Romohr to testify. On direct examination by counsel for the defendants, the following questions, answers and statements appear:

"Q. Now in the course of your appraisal, did Mr. George Fishback mention anything about notes? A. Yes he did.

"Q. What did he say?

"Objection.

"Sustained.

"Mr. Osborne: On what grounds?

"The Court: Mr. Fishback is now deceased, isn't he?

"Mr. Osborne: That's true, but this man is not a party to this action.

"Mr. Erhardt: If the court please, I'm not basing my objection on the 'dead man's statute.' I'm basing it upon hearsay evidence, under the general rules of evidence. This man, is in effect, testifying to what someone else said, and the plaintiff was not present at that time, and the defendant was not present at that time, there's no way that I can see to take this out of the hearsay evidence category.

"The Court: I think I will have to sustain that objection Mr. Osborne.

"Mr. Osborne: I would at this time then your Honor, like to proffer this testimony. What did Mr. Fishback say? A. In regard to—

"Q. In regard to the note? A. He said that there were either three or four notes and that they had all been paid.

"Q. And did he in any manner identify any of the notes? A. Not to me.

"Q. Did he mention anything about—anything in particular about any note? A. Yes, he mentioned about a note for a farm, as I recall it, its been quite a while ago, on Maple Grove Rd., I believe, Maple some road, in Jackson Township.

"Q. And that was one of the notes? A. That was one

of the notes he said had been cancelled and paid in full, all of them had been.

"Q. And you say you don't recall whether he was the administrator or not? A. I do not.

"Q. That's all I have of this witness."

In its "conclusions of law," the trial court stated as follows:

"The court, upon consideration of this case, concludes as a matter of law, that the instrument in writing, which was offered as evidence in this case, is as a matter of law, a good promisory note. The court further finds, as a matter of law, *that the proffered testimony of Fred Romohr should have been admitted into evidence, and that the court, in making its findings, did rely on that proffered testimony as evidence.* The court further finds as a matter of law, that George A. Fishback, the father of Elmer Fishback and John Fishback, did not place this note as a claim in the estate of Rosa E. Fishback, and that he stated that the notes of all the boys, meaning his sons, had been paid. The court further finds as a matter of law, that the obligation and note in this case has been paid in full." (Emphasis added.)

There is nothing in the transcript of the testimony to show that the proffered testimony of the witness, Fred Romohr, was admitted in evidence by the court. The proffered testimony was not before the court when it made its finding of fact and conclusions of law, and it was prejudicial error for the court to consider it in arriving at its judgment.

It being determined that the court committed prejudicial error as set out in assignment of error number one, there is no need to consider the other two assignments of error.

The judgment of the trial court is reversed, and this cause is remanded to the Court of Common Pleas for further proceedings according to law.

*Judgment reversed.*

SHANNON, P. J., and HILDEBRANT, J., concur.